Bradbury, C. J.
The only question for this court to consider is whether the proceedings had in the probate court upon an inquest of damages is a bar to the action of the plaintiff below, brought to recover upon the identical claim passed upon by the jury in the probate court.
The jurisdiction of the probate court to inquire by jury into a claim for damages, like that of the defendant in error, caused to abutting property by a street improvement, is clearly established by sections 2315 to 2327, inclusive, of the Revised Statutes, if there is no constitutional objection to such jurisdiction being exercised by that court. Section 2319 going to the extent of making the verdict of the jury final, and prohibiting an appeal therefrom, leaving to the aggrieved party such remedy, only, as may be provided by the statutes regulating proceedings in error. Section 8, of article IV, of the constitution of 1851, relating to probate courts and their jurisdiction, provides that “the probate court shall have jurisdiction in probate and testamentary matters * * * and such other jurisdiction as may be *366 provided by law.” Under the provisions of this section of the constitution the general assembly were fully warranted in conferring upon the probate court the jurisdiction under consideration.
Counsel for defendant in error further contended that section 2316, Revised Statutes, that authorizes councils of municipalities to postpone the inquest of damages until after the improvements should be completed, violates section 19, of article I, and section 5, of-article XIII, of the constitution of 1851, designed to protect private property from unjust seizure and appropriation to the use of the public, and also conflicts with section 16, article I, of that instrument, which secures a speedy remedy by due process of law to one who may be injured in his person, reputation or property.
Section 5, of article XIII, does not apply to cases of property taken to construct roads which shall be open to-the public without charge, in which class the streets of our towns and cities belong. The rights of the owners of property taken and applied to such use falls within the protection guaranteed by section 19, of article I, by the provisions of which compensation is not required to be made before the property is taken.
The jurisdiction conferred on probate courts, and the course of proceedure prescribed by statute for ascertaining the damages resulting to abutting property on account of improving a street, do not conflict with section 16, of article I, of the constitution, which provides that “all courts shall be open, and every person, for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law, and justice administered without denial or delay,” for the probate court is a tribunal provided by the constitution itself, and the statute authorizing the proceedings before it, gives “a remedy by due course of law” in prescribing that notice shall be given to all parties to be affected by the inquiry, and that the trial shall be by jury.
The constitutionality of the provision of the statute authorizing the inquiry to be postponed until after the *367 improvement should be completed may be a question not so readily and satisfactorily solved; for certainly it might be claimed with great show of reason that, when an injury has been fully accomplished, section 16, of article I, denies to the general assembly the power to postpone, directly or indirectly to a future period, the right of the injured party to seek redress in the tribunals established to administer justice.
The statute under consideration, however, only contemplates a delay until the injury shall be fully accomplished; for, until the improvement has been completed, it is, perhaps, always impracticable to ascertain with certainty the extent of the injury, the fill or excavation, as the case may be, will cause; in fact the injury has not been completed until then; and a delay of the proceedings until that time, we do not think, necessarily conflicts with that provision of the constitution, before -quoted, which provides that the administration of justice shall neither be denied- nor delayed. No doubt a municipality should be required .to proceed in good faith and with reasonable diligence with the work of improvement.
We are of the opinion, therefore, that the statute -which confers the jurisdiction under consideration, upon the probate courts of the state, is not in conflict with any of the provisions of our present constitution.
The defendant in error contends further, that if the jurisdiction exists, the probate court and jury are limited to the question of the amount of damages, and if any other ground to defeat a recovery existed, than that the improvement caused no injury, and - it was not available in the inquiry before that tribunal. This we think is too narrow a construction of the statute (sections 2317 to 2321, Revised •Statutes), that confers the jurisdiction. The municipality, in availing itself of the remedy thus provided, should not be held to have confessed its liability in every particular except one, and limited itself to contesting, the claim on • the sole ground that the property was not injured at all, or if injured, that the damages were less than the sum claimed. The object of the statute was to provide a more summary *368 and less expensive proceeding to ascertain the liability of the municipality arising from the improvement than was afforded by the usual method of procedure. The statute authorizes the inquiry to be had before either the common pleas or the probate court; but whichever tribunal may be selected the jurisdiction should be held broad enough to determine the full measure of the liability of the municipality, or exonerate it altogether if no legal obligation exists against it, at the time of the inquiry.
However, if the contention of the defendant in error in this particular was right, it would not aid him in the case under consideration, for the verdict of the jury in the inquiry before the probate court was that the defendant in error had sustained no damages. The record of this inquiry is not set forth in haec verba, but the answer of the city, setting up the proceedings in the probate court, in bar of the action brought by defendant in error in the court of common pleas, shows that the defendant in error was served with process and appeared in the probate court, that the cause was tried to a jury, who rendered a verdict of “no damages ” against the defendant in error, and that the claim involved in that proceeding is the same that he afterwards sued on in the court of common pleas. The record of the proceedings in the probate court seems to have correctly recited every step taken therein, omitting nothing that should have been recorded. Nearly six years after the cause was tried and the verdict rendered, application was made to the' probate court by the defeated party to correct the record by supplying an alleged omission. This application was successful, and Exhibit “O,” which attempts to show the instructions given by the probate court upon the inquest of damages, and the reasons that controlled the jury in returning its verdict, was added to the record. We know of no practice by which a court can ascertain and declare of record the reasons which induced a jury to arrive at a particular-conclusion, orjby which the jury itself is permitted to assign and place upon record the reasons that produced its verdict. If the court committed an error in some material part of its. instructions, it will be presumed that the verdict may have- *369 resulted therefrom; but the only legal and proper method of bringing upon the record the instructions given to a jury by the trial court is by a bill of exceptions taken at the time and in the manner prescribed by statute. In the inquest of damages had in the probate court no bill of exceptions was taken, and therefore the charge of the court was not preserved in that, the only manner, known to the law for its preservation. For aught that appears another judge, than he who instructed the jury, was called upon to ascertain, how is not shown, but probably by the introduction of evidence pro and con, what legal propositions had been submitted to a jury by his predecessor, upon the trial of a cause six years before. Judicial determinations could have but little stability or value in causes or tribunals where this is permissible. No doubt that in a proper case and upon satisfactory proof a nunc pro tunc entry may be had, many years after a record has been made up, correcting the entry so that it shall conform to the actual order or judgment of the court; but the order or judgment must have been in fact made, and in no case should that be added to the record which is not properly a part thereof.
If the probate court had jurisdiction in the matter of ascertaining the damages that accrued to the owners of propert3' abutting on the improvement, it is now too late to review its action, however erroneous it may have been. That could only be done by a proceeding instituted for that purpose directly upon the record itself. If the jurisdiction existed, the verdict is equally binding whether it was for a large sum, a small sum, or no sum at all. If no damages had been sustained the jury were bound by their oaths to return a verdict according^. If, in obedience to an erroneous charge of the court, the jury returned a verdict for too large or too small an amount, or for “no damages,” as ■ in the case under consideration, it is nevertheless their verdict and binding on the parties until set aside, either by the probate court or some one of the superior courts vested with power to review its proceedings; and this would be so even if the claim of the defendant in error for damages *370 caused by the improvement should be regarded as in the nature of a claim for property taken and appropriated to a public use. It follows from these conclusions that the demurrer to the reply ought to have been sustained.

Jtidgment reversed.